REQUESTED BY: Senator Chris Langemeier
Nebraska State Legislature
You have requested our opinion regarding the State of Nebraska's authority to exercise personal jurisdiction over unlicensed persons who engage in those activities described in Neb. Rev. Stat. § 81-885.01(2). You have introduced LB 691 which would authorize the State Real Estate Commission to issue cease and desist orders and impose civil fines on violators of Neb. Rev. Stat. § 81-885.03. That statute provides that committing any single act described in Neb, Rev. Stat. § 81-885.01(2) without being licensed under the Nebraska Real Estate License Act constitutes a violation of the Act. LB 691 would also provide that "any such action shall constitute sufficient contact with the state for the exercise of personal jurisdiction over such person. . . ." Your specific question for our office is whether committing an act described in § 81-885.01(2) is "sufficient contact or activity in the state for the State of Nebraska to exercise personal jurisdiction over unlicensed persons", particularly if that unlicensed person is a nonresident. *Page 2 
A Nebraska court resolving issues of personal jurisdiction would engage in a two-part analysis. First, the court would determine if, under the Nebraska long-arm statute, there is jurisdiction over the nonresident defendant. Second, if Nebraska law provides a basis for such jurisdiction, the court would then decide whether the exercise of personal jurisdiction over the defendant comports with the federal constitutional due process requirements. Williams v.Gould, Inc., 232 Neb. 862, 443 N.W.2d 577 (1989).
Nebraska's long-arm statute appears at Neb. Rev. Stat. § 25-536 (2008) and provides as follows:
A court may exercise personal jurisdiction over a person:
 (1) Who acts directly or by an agent, as to a cause of action arising from the person:
 (a) Transacting any business in this state;
 (b) Contracting to supply services or things in this state;
 (c) Causing tortious injury by an act or omission in this state;
 (d) Causing tortious injury in this state by an act or omission outside this state if the person regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state;
 (e) Having an interest in, using, or possessing real property in this state; or
 (f) Contracting to insure any person, property, or risk located within this state at the time of contracting; or
 (2) Who has any other contact with or maintains any other relation to this state to afford a basis for the exercise of personal jurisdiction consistent with the Constitution of the United States.
We first note that, in § 25-536(2), the Legislature has explicitly extended Nebraska's jurisdiction over nonresident defendants as far as the U.S. Constitution permits. Second, a nonresident who commits an act described in § 81-885.01(2), such as advertising or listing Nebraska real estate owned by another for some form of compensation, may fall within Neb. Rev. Stat. § 25-536(1)(a) or (b) depending upon the factual circumstances. Finally, the proposed language of LB 691, which would amend § 81-885.03 to provide that "such action shall constitute sufficient contact with the state for the exercise of personal jurisdiction over such person" appears to add a statutory standard for the exercise of long-arm jurisdiction to those standards found in § 25-536. For these reasons it appears likely that, if LB 691 were enacted, the State would be able to establish the first prong of the two-step analysis described above.
Once a court has concluded that statutory long-arm provisions have been satisfied, it would then determine whether the exercise of jurisdiction over a nonresident defendant would comport with federal due process. The due process clause limits the *Page 3 
exercise of personal jurisdiction to persons having certain "minimum contacts" with the forum state so that maintenance of the action does not offend notions of fair play and substantial justice.Int'l Shoe Co. v. State of Washington,326 U.S. 310, 316, 66 S. Ct. 154 (1945); Best Van Lines v.Walker, 490 F.3d 239, 242 (2d Cir. 2007). Essential to the exercise of personal jurisdiction in each case is "`some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protection of its laws.'" Burger KingCorp. v. Rudzewicz,471 U.S. 462, 475, 105 S. Ct. 2174, 2183 (1985) (quotingHanson v. Denckla, 357 U.S. 235, 253, 78 S. Ct. 1228 (1958)). To establish personal jurisdiction, plaintiffs must demonstrate either specific jurisdiction, if the suit arises from the defendant's contacts with the forum, or general jurisdiction — that is, jurisdiction irrespective of whether the claim arises from or relates to the defendant's forum contacts — based on the defendant's "continuous and systematic" contacts with the forum state. Helicopteros Nacionales deColombia, S.A. v. Hall,466 U.S. 408, 415-16, 104 S. Ct. 1868 (1984).
You acknowledge in your opinion request that the exercise of personal jurisdiction over a nonresident who commits an act described in § 81-885.01(2) will "be contingent upon the extent of the activities or contacts the person . . . has with the State of Nebraska" and that "this would differ on a case by case basis. . . ." We agree. With your reference to an unlicensed person who offers Nebraska real estate for sale through advertising or listings on print or electronic media, including the internet, we assume you have some concern with exercising jurisdiction over a nonresident who has no physical ties to Nebraska and whose contacts may not be considered substantial and continuous. In that regard, we note that the U.S. Supreme Court in Burger King Corp. v. Rudzewicz
stated that the "purposeful availment" requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of `random', `fortuitous,' or `attenuated' contacts. Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a `substantial connection' with the forum state. . . ." 471 U.S. at 475-76 (citations omitted) (emphasis in original). The court further stated that "it is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines" so that the focus of a court's inquiry is whether "a commercial actor's efforts are `purposefully directed' toward residents of another State." 471 U.S. at 476.
The Burger King Corp. decision is discussed at some length by the Nebraska Supreme Court in Quality Pork International v. RupariFood Services, Inc., 267 Neb. 474, 675 N.W.2d 642 (2004). In bothBurger King Corp. and Quality Pork International, the defendant had no physical presence in the forum state. Yet, both defendants were found to have the necessary minimum contacts with the forum state by purposefully directing their activities toward the forum state's residents. *Page 4 
Although the exercise of personal jurisdiction over an unlicensed nonresident who violates Neb. Rev. Stat. § 81-885.03 would differ on a case by case basis, a Nebraska court would likely find that those nonresidents have the necessary minimum contacts with Nebraska in some circumstances. Based upon our general discussion of long-arm jurisdiction above, we believe that the proposed language of LB 691 would aid the State Real Estate Commission in establishing the first prong of the analysis and that sufficient contacts would exist in certain factual situations to meet the second prong of the analysis and justify the exercise of personal jurisdiction.
Sincerely,
 JON BRUNING Attorney General
 Lynn A. Melson Assistant Attorney General
 Approved by: ________________________ Attorney General *Page 1